UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| THEODORE WALLACE, <br>        Plaintiff, <br> <br> v. <br> <br> OFFICER SHELBY DACRUZ, <br>        Defendant. | PRISONER <br> CASE NO. 3:12-cv-1036 (SRU) |

## INITIAL REVIEW ORDER

The plaintiff, Theodore Wallace, incarcerated and *pro se,* has filed a complaint under 42 U.S.C. § 1983.  He names Hartford Police Officer Shelby Dacruz as the only defendant.

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief."  *Id*.  This requirement applies both where the inmate has paid the filing fee and where he is proceeding *in forma pauperis*.  *See Carr v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam).  Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).  A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of

action' or 'naked assertion[s]' devoid of 'further factual enhancement,' " does not meet the facial plausibility standard.  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).  Although courts still have an obligation to liberally construe a *pro se* complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

       The plaintiff alleges that on April 8, 2012, Officer Dacruz placed him under arrest, struck him in the face with an unknown object, knocked out two of his teeth and "busted" both of his lips.  Compl. at 8.  The plaintiff seeks monetary damages.  Because the plaintiff's allegations pertain to the use of force that occurred during his detention in police custody after his arrest, the court construes these claims of excessive force against the defendant as brought pursuant to the Fourth Amendment.  *See Hemphill v. Schott*, 141 F.3d 412, 418 (2d Cir. 1998) ("Excessive force used by officers arresting suspects implicates the Fourth Amendment's prohibition on unreasonable seizures, rather than the Fourteenth Amendment's guarantee of substantive due process.")(citation omitted).

       In *Monell v. Department of Social Service*, 436 U.S. 658, 691 (1978), the Supreme Court set forth the test for municipal liability.  To establish municipal liability for the allegedly unconstitutional actions of a municipal employee, the plaintiff must "plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995).  A municipality cannot be held liable under 42 U.S.C. § 1983 solely on a theory of respondeat superior.  *See* 436 U.S. at 694-95.  The plaintiff must demonstrate "a direct causal link between a municipal policy or custom, and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989).  Any claim against a municipal official or employee in his

official capacity is considered to be a claim against the municipality. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991).

The plaintiff has alleged no facts to suggest the existence of a municipal policy or custom in this case. The incident he describes regarding the use of force by defendant Dacruz appears to be an isolated occurrence. *See Stengel v. City of Hartford*, 652 F. Supp. 572, 574 (D. Conn. 1987) (noting that a claim of municipal policy or custom requires allegations consisting of more than a single isolated incident). Because he has not alleged facts suggesting that the practice of striking the plaintiff in the face also occurred at other times, plaintiff fails to state a claim for monetary damages against defendant Dacruz in his official capacity. The official capacity claims against defendant Dacruz are dismissed. *See* 28 U.S.C. § 1915A(b)(1).

After reviewing the allegations, the court concludes that the case should proceed at this time as to the Fourth Amendment claim of excessive force as well as any state law claims against Officer Shelby Dacruz in his individual capacity.

## ORDERS

The court enters the following orders:

(1)     The official capacity claims against defendant Dacruz are dismissed. *See* 28 U.S.C. § 1915A(b)(1). The claims against defendant Dacruz in his individual capacity shall proceed.

(2)     Within fourteen (14) business days of this Order, the Pro Se Prisoner Litigation Office shall mail a waiver of service of process request packet to the defendant in his individual capacity at the Hartford Police Department, at the Hartford Police Department, 50 Jennings Road, Hartford, CT 06120. On the thirty-fifth (35th) day after mailing, the Pro Se Office shall

report to the court on the status of all waiver requests.  If the defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

      (3)      The Pro Se Prisoner Litigation Office shall send written notice to the plaintiff of the status of this action, along with a copy of this Order.

      (4)      The defendant shall file his response to the amended complaint, either an answer or motion to dismiss, within seventy (70) days from the date of this order.  If the defendant chooses to file an answer, he shall admit or deny the allegations and respond to the cognizable claims recited above.  He may also include any and all additional defenses permitted by the Federal Rules.

      (5)      Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within seven months (210 days) from the date of this order.  Discovery requests need not be filed with the court.

      (6)      All motions for summary judgment shall be filed within eight months (240 days) from the date of this order.

      (7)      Pursuant to Local Civil Rule 7(a), a non-moving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

      SO ORDERED at Bridgeport, Connecticut this 10th day of August, 2012.

                                                       /s/ Stefan R. Underhill
                                                       Stefan R. Underhill
                                                       United States District Judge