UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

THEODORE WALLACE,
        Plaintiff,

v.

OFFICER SHELBY DACRUZ,
        Defendant.

PRISONER
CASE NO. 3:12-cv-1036 (SRU)

## ORDER

The plaintiff, Theodore Wallace, incarcerated and *pro se,* has filed an Amended Complaint under 42 U.S.C. § 1983. He names Hartford Police Officers Shelby, Dacruz and B. Mello and Hartford Police Sergeant Laureano as defendants.

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss ... any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id*. This requirement applies both where the inmate has paid the filing fee and where he is proceeding *in forma pauperis*. *See Carr v. Dvorin*, 171 F.3d 115 (2d Cir. 1999) (per curiam). Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).

Although detailed allegations are not required, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*,

556 U.S. 662, 678 (2009) (internal quotation marks and citations omitted).  A complaint that includes only "'labels and conclusions,' 'a formulaic recitation of the elements of a cause of action' or 'naked assertion[s]' devoid of 'further factual enhancement,'" does not meet the facial plausibility standard.  *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 557 (2007)).  Although courts still have an obligation to liberally construe a *pro se* complaint, *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), the complaint must include sufficient factual allegations to meet the standard of facial plausibility.

Wallace alleges that on April 8, 2012, Officers Dacruz and Shelby responded to an altercation at a Club in Hartford, Connecticut.  Officer Dacruz placed Wallace under arrest, handcuffed him, repeatedly knocked his face against an unknown object and knocked out four of his teeth.  After an officer had placed him in a police car, the defendants initially refused to provide Wallace with medical attention.  An unknown police employee subsequently responded to the plaintiff's calls for help and the plaintiff did receive medical treatment for his injuries.  Wallace seeks monetary damages.

Because the plaintiff's allegations pertain to the use of force that occurred during his detention in police custody after his arrest, the court construes these claims of excessive force against the defendant as brought pursuant to the Fourth Amendment.  *See Hemphill v. Schott*, 141 F.3d 412, 418 (2d Cir. 1998) ("Excessive force used by officers arresting suspects implicates the Fourth Amendment's prohibition on unreasonable seizures, rather than the Fourteenth Amendment's guarantee of substantive due process.") (citation omitted).  The plaintiff does not mention defendant Laureano in the body of the Amended Complaint except to describe him or her as a Sergeant and a Patrol Officer assigned to the Northeast Conditions Unit of the Hartford Police Department. Defendant Mello is not mentioned other than in the caption of the Amended

Complaint. As such, the plaintiff has not alleged that either defendant violated his federally or constitutionally protected rights. Any claims against defendants Laureano and Mello are dismissed. *See* 28 U.S.C. § 1915A(b)(1).

The plaintiff alleges that defendant Dacruz used excessive force against him during and after his arrest and failed to provide him with medical treatment for his injuries. Defendant Shelby was present during the arrest and use of force, but failed to intervene or provide medical treatment to the plaintiff.

In *Monell v. Department of Social Service*, 436 U.S. 658, 691 (1978), the Supreme Court set forth the test for municipal liability. To establish municipal liability for the allegedly unconstitutional actions of a municipal employee, the plaintiff must "plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional right." *Zahra v. Town of Southold*, 48 F.3d 674, 685 (2d Cir. 1995). A municipality cannot be held liable under 42 U.S.C. § 1983 solely on a theory of respondeat superior. *See* 436 U.S. at 694-95. The plaintiff must demonstrate "a direct causal link between a municipal policy or custom, and the alleged constitutional deprivation." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). Any claim against a municipal official or employee in his official capacity is considered to be a claim against the municipality. *See Hafer v. Melo*, 502 U.S. 21, 25 (1991).

The plaintiff has alleged no facts to suggest the existence of a municipal policy or custom in this case. The incident he describes regarding the use of force against him appears to be an isolated occurrence. *See Stengel v. City of Hartford*, 652 F. Supp. 572, 574 (D. Conn. 1987) (noting that a claim of municipal policy or custom requires allegations consisting of more than a single isolated incident). Because he has not alleged facts suggesting that a similar use of force

also occurred at other times, plaintiff fails to state a claim for monetary damages against defendants Dacruz and Shelby in their official capacities.  The official capacity claims against defendants Dacruz and Shelby are dismissed.  *See* 28 U.S.C. § 1915A(b)(1).

After reviewing the allegations, the court concludes that the case should proceed at this time on the Fourth Amendment claim of excessive force, Fourteenth Amendment claim of denial of medical treatment as well as any state law claims against defendants Shelby and Dacruz in their individual capacities.

## ORDERS

The court enters the following orders:

(1)     All claims against defendants Laureano and Mello and the official capacity claims against defendants Shelby and  Dacruz are **DISMISSED**.  *See* 28 U.S.C. § 1915A(b)(1).  The claims against defendants Dacruz and Shelby in their individual capacities shall proceed.

(2)     Within fourteen (14) business days of this Order, the Pro Se Prisoner Litigation Office shall mail a waiver of service of process request packet to defendants Shelby and Dacruz in their individual capacities at the Hartford Police Department, 50 Jennings Road, Hartford, CT 06120.  On the thirty-fifth (35th) day after mailing, the Pro Se Office shall report to the court on the status of all waiver requests.  If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service and the defendant shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3)     The Pro Se Prisoner Litigation Office shall send written notice to the plaintiff of the status of this action, along with a copy of this Order.

(4)     Defendants Shelby and Dacruz shall file their responses to the amended complaint, either an answer or motion to dismiss, within seventy (70) days from the date of this order.  If the defendants choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above.  They may also include any and all additional defenses permitted by the Federal Rules.

(5)     Discovery, pursuant to Federal Rules of Civil Procedure 26 through 37, shall be completed within six months (180 days) from the date of this order.  Discovery requests need not be filed with the court.

(6)     All motions for summary judgment shall be filed within seven months (210 days) from the date of this order.

(7)     Pursuant to Local Civil Rule 7(a), a non-moving party must respond to a dispositive motion within twenty-one (21) days of the date the motion was filed.  If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(8)     **If the plaintiff changes his address** at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he **MUST notify the court**.  Failure to do so can result in the dismissal of the case.  The plaintiff must give notice of a new address **even if he is incarcerated**.  The plaintiff should write "**PLEASE NOTE MY NEW ADDRESS.**"  It is not enough to just put the new address on a letter without indicating that it is a new address.  If the plaintiff has more than one pending case, indicate the case numbers in the notification of change of address.  The plaintiff should also notify the defendant(s) or the attorney for the defendant(s), if appropriate, of his or her new address.

SO ORDERED at Bridgeport, Connecticut this 13th day of December 2013.

/s/ Stefan R. Underhill
Stefan R. Underhill
United States District Judge